```
1  BRODSKY MICKLOW BULL & WEISS LLP
   Edward M. Bull III, State Bar No. 141966
2  Kurt Micklow, State Bar No. 113974
   1070 Marina Village Parkway, Suite 200
3  Alameda, California, 94501
   Telephone:  (510) 268-6180
4  Facsimile:  (510) 268-6181

5  Attorneys for Plaintiff,
   Dustin B. Daniels
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUSTIN B. DANIELS,<br><br>   Plaintiff,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>   Defendant<br>_____ | CASE NO. **'16CV2077 BTM DHB**<br><br>**SEAMAN'S COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES AND FOR MAINTENANCE AND CURE**<br><br>**Plaintiff Is Entitled to File his Action Without Prepayment of Costs, Fees, or Security (28 U.S.C. § 1916)** |

DUSTIN B. DANIELS ("Plaintiff"), alleges as follows:

**I. FIRST CAUSE OF ACTION - UNSEAWORTHINESS**

1. Plaintiff brings and maintains this action pursuant to the provisions of the Suits in Admiralty Act (46 U.S.C. § 30901, et seq.), the Public Vessels Act (46 U.S.C. § 31101 et seq.), the Jones Act (46 U.S.C. § 30104, et seq.), the General Maritime Law, the United States Constitution, Article III, Section 2, and 28 U.S.C. § 1333.

2. Plaintiff is a merchant seaman who is within the jurisdiction of the Court and elects to and is entitled to file this action without pre-payment of costs and without security therefor under 28 U.S.C. §1916.

3. Defendant UNITED STATES OF AMERICA is a sovereign nation and

has consented to be sued herein under the provisions of the Suits in Admiralty Act (46 U.S.C. §30901, et seq.) and the Public Vessels Act (46 U.S.C. § 31101 et seq.). Venue is proper in this judicial district under the Suits in Admiralty Act because Plaintiff is a resident of the Southern District of California. Venue is also proper under the Public Vessels Act because the public vessel involved in this action is within the Southern District of California.

4. At all times herein mentioned the defendant UNITED STATES OF AMERICA owned and controlled that certain public vessel, the ATLS-9701, a drone landing ship, and manned that vessel, at least in part, through its agent, Cardinal Point Captains ("Cardinal").

5. At all times herein mentioned, Plaintiff was employed by said defendant and serving as a member of the crew aboard the ATLS-9701, and was at all times acting within the course and scope of his employment as a member of the crew.

6. On or about August 19, 2014, while serving aboard the ATLS-9701 (operating off the Coast of San Diego County), Plaintiff was caused to sustain personal injuries, including crush injuries and a fracture to his left leg.

7. On said date, Plaintiff was working in the support of U.S. Naval Special Warfare Group 1 operations, and in particular the replacement of a large steel plate used in assault training and demolition, when, due to the negligent failure to secure said plate by a fellow crew member, the plate fell on plaintiff's left leg causing him serious injury. Plaintiff thereafter was not-fit-for duty due to his injuries for a period of time and was required to undergo extensive medical treatment.

8. Said injuries to Plaintiff were proximately caused by the failure of defendant UNITED STATES OF AMERICA, and its agent, to furnish Plaintiff with a safe and seaworthy vessel, or safe and seaworthy place to work aboard said vessel, and/or in exposing Plaintiff to unnecessary risks of harm and injury; in failing to furnish Plaintiff with fit, proper, adequate, and sufficient equipment, aid and assistance in connection with his assigned tasks; and in failing to furnish Plaintiff with

fit, proper, adequate, and sufficient supervision in connection with his assigned task.

9. As a legal result, Plaintiff was caused to and did sustain, amongst other injuries, the extent of which are still not fully known, severe left foot/ankle/leg crush and fracture, together with much pain and a shock to his nervous system, and other injuries not fully known at this time.

10. As a legal result, Plaintiff was caused to and continues to incur reasonable charges for medical care and attention.

11. By reason of the premises, Plaintiff has sustained general damages, exclusive of interest and costs, in a sum in excess of $75,000, and special damages in sums to be determined by the proofs. Plaintiff is entitled to and claims prejudgment interest on his damages pursuant to the general maritime law and 46 U.S.C. § 30911(a).

## II. SECOND CAUSE OF ACTION - JONES ACT NEGLIGENCE

12. Plaintiff incorporates herein by reference, as though fully set forth, and with like force and effect, all of the allegations contained in the FIRST CAUSE OF ACTION herein.

13. Said injuries to Plaintiff were proximately caused by the negligent acts and omissions of the defendant UNITED STATES OF AMERICA, and/or of its agents, in negligently failing to provide Plaintiff with a safe place to work; in negligently exposing Plaintiff to unreasonable risks of harm and injury; in negligently failing to furnish Plaintiff with fit, proper, adequate and sufficient equipment, aid and assistance in connection with his assigned tasks; in negligently failing to furnish Plaintiff with fit, proper, adequate, and sufficient supervision in connection with his assigned tasks; and in negligently failing to secure the steel plate in question.

14. As a result of said negligent acts and omissions of the defendant UNITED STATES OF AMERICA, Plaintiff was caused to sustain injuries and damages as stated in paragraphs 9 through 11 above.

## III. THIRD CAUSE OF ACTION - MAINTENANCE AND CURE

15. Plaintiff incorporates by reference all of the allegations contained in the FIRST and SECOND CAUSES OF ACTION as though fully set forth herein.

16. Defendant UNITED STATES OF AMERICA has failed to make prompt and/or full payment of all maintenance and cure due, as well as costs for transportation to medical appointments and other related expenses. Defendant's failure to provide such prompt maintenance and cure was unreasonable and Plaintiff is entitled to recover all related damages, including consequential damages.

WHEREFORE, Plaintiff prays judgment against defendant UNITED STATES OF AMERICA as follows:

1. For general damages in excess of $75,000.00;
2. For such special damages (including future medical expenses, loss of wages and loss of earning capacity) as may be shown by the proofs herein;
3. For maintenance and cure;
4. For consequential damages for defendant's unreasonable failure to pay maintenance and cure;
5. For prejudgment interest under the general maritime law and 46 U.S.C. § 30911(a);
6. For Plaintiff's costs of suit herein; and
7. For such other and further relief as is proper and just.

DATED: August 16, 2016         BRODSKY MICKLOW BULL & WEISS LLP

By:  /Kurt L. Micklow
Kurt L. Micklow
Attorneys for Plaintiff
DUSTIN B. DANIELS

COMPLAINT FOR DAMAGES                    4