UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUSTIN B. DANIELS,<br><br>                            Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA, et al.,<br><br>                            Defendants.<br><br>AND RELATED CROSS-CLAIM. | Case No.: 16-cv-02077-BTM (DHB)<br><br>**ORDER RE: JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**<br><br>**(ECF Nos. 55, 56)** |

      Presently before the Court is a Joint Motion for Determination of Discovery Dispute in which Defendants United States of America ("United States"), Systems Applications and Technologies, Inc. ("SA-TECH"), and Cardinal Point Captains, Inc. ("Cardinal") (collectively "Defendants") move to continue all pretrial deadlines and amend the Scheduling Order issued in this case. (ECF Nos. 55, 56.) Plaintiff Dustin B. Daniels ("Plaintiff") opposes the motion. (*Id.*) After reviewing the Joint Motion and its attachments, the Court hereby **GRANTS IN PART** Defendants' motion to amend, as set forth below.

1

## I. BACKGROUND

On August 16, 2016, Plaintiff commenced this action by filing a Seaman's Complaint for Damages for Personal Injuries and for Maintenance and Cure against the United States. (ECF No. 1.) Plaintiff filed his Third Amended Complaint ("TAC"), the operative complaint, against the United States, SA-TECH, and Cardinal on August 21, 2017. (ECF No. 46.) On September 5, 2017, the United States filed a Cross-Claim against Cardinal. (ECF No. 53.)

In the TAC, Plaintiff alleges he suffered personal injuries, including crush injuries and a fracture to his left leg, on or about August 19, 2014, while employed by Cardinal and serving as a member of the crew aboard a public vessel owned and/or controlled by the United States, and manned and/or controlled through Cardinal and SA-TECH. (ECF No. 46 at ¶¶ 7-9.) Alleging causation, Plaintiff brings claims of Unseaworthiness, Jones Act Negligence, General Maritime Negligence, and Maintenance and Cure against the United States, SA-TECH, and/or Cardinal. (*Id.* at ¶¶ 10-22.) In his Prayer for Judgment, Plaintiff seeks, among other things, general damages, special damages (including future medical expenses, loss of wages, and loss of earning capacity), maintenance and cure, and consequential damages. (*Id.* at ¶ 22.)

The Court held an Early Neutral Evaluation Conference on March 22, 2017. (ECF No. 24.) The case did not settle. (*Id.*) However, as the parties expressed an interest in continuing settlement discussions, the Court ordered the parties to exchange available medical information, and set follow-up Status Conferences. (*See* ECF Nos. 26, 31.) On July 28, 2017, the Court held a second Status Conference. (ECF No. 43.) At the conference, Plaintiff's counsel represented that Plaintiff needed to undergo further medical testing before settlement discussions may continue. (*Id.*) On August 28, 2017, the Court held a Case Management Conference and issued a Scheduling Order. (ECF No. 50.)

In August 2017, Plaintiff underwent an MRI authorized by Cardinal. (ECF No. 55-8 at ¶ 3.) Based on the MRI results, Plaintiff's primary care doctor recommended that he be seen by an ankle specialist for surgery. (*Id.*) The surgery was authorized on November

8, 2017, and took place on December 28, 2017. (*Id*.; *see also* ECF No. 55-9 at ¶ 2.)

Plaintiff was informed by his surgeon that he will need three months to recover from his surgery and return to work. (ECF No. 55-9 at ¶ 2.) Defendants' expert, Steven N. Copp, M.D., an ankle orthopedic specialist and Defendants' retained expert, declares that based on his experience as an orthopedic surgeon, with a specialty in ankle reconstructive surgery, Plaintiff's surgery requires four to six months to recover. (ECF No. 55-2 at ¶¶ 2-4.) Dr. Copp states that this is "particularly true for a recovery sufficient to allow someone to engage in manual labor activity on or aboard uneven surfaces particularly with frequent movement of the standing surface requiring accommodation by the foot and ankle." (*Id*. at ¶ 4.) However, Plaintiff claims that he is currently unable to work at all, and that he is presently going to college and trying to re-train for new, light work. (ECF Nos. 55 at 9-10; 55-9 at ¶ 3.)

## II. DISCUSSION

### A. Legal Standard

"The district court is given broad discretion in supervising the pretrial phase of litigation." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992)). A court's scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Zivkovic*, 302 F.3d at 1087. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609 (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)) (citations omitted). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609 (citing *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)). "If that party was not diligent, the inquiry should end." *Id*. The party seeking to continue or extend the deadlines bears the

burden of proving good cause. *See Zivkovic*, 302 F.3d at 1087; *Johnson*, 975 F.2d at 608-09.

B.  **Analysis**

In the Joint Motion, Defendants seek a five (5) month extension of all pretrial deadlines, arguing that Plaintiff's recovery from surgery needs to be complete before they can take his deposition and properly evaluate the potential damages. (ECF No. 55 at 4.) Defendants request that fact discovery be completed approximately seven (7) months after Plaintiff's surgery, and expert discovery be completed approximately eight (8) months after Plaintiff's surgery. (*Id*. at 8.) Defendants seek an extension of all other dates accordingly, including a Pretrial Conference date in March 2019. (*Id.* at 9.)

In response, Plaintiff argues that he would be greatly prejudiced by any unnecessary delay. (*Id.* at 12; *see also* ECF No. 55-9 at ¶ 3.) Plaintiff is married, the father of a young baby and a four year old child, and the primary bread winner for his family. (ECF No. 55-9 at ¶ 3.) Plaintiff asserts that although Cardinal did, long ago, pay him maintenance, he is currently unable to work at all, or earn any money, and Cardinal has not started paying maintenance since the time of his recent surgery. (*Id.*) Plaintiff does not see how he will be able to take care of his family if his court date is extended to 2019. (*Id.*) Accordingly, Plaintiff requests a shorter extension of the fact and expert discovery deadlines and no extensions of any other dates. (ECF No. 55 at 11-13.) Plaintiff previously agreed to a fact discovery deadline of May 21, 2018, and an expert discovery deadline of July 2, 2018. (*Id.*; *see also* ECF No. 55-8 at ¶ 5.) Thus, Plaintiff's agreed-to fact discovery deadline would be approximately five (5) months after his surgery.

Based on the foregoing, the Court finds good cause to grant an approximate sixty (60)-day extension of all upcoming dates[1] in the Scheduling Order. With such an extension, more than four (4) months will pass after Plaintiff's surgery before the fact

---

[1]  This excludes the rebuttal expert designation deadline of January 19, 2018, which remains in effect. (ECF No. 50 at ¶ 3.)

discovery deadline, giving Plaintiff what appears to be sufficient time to recover and allow time for his deposition to be taken. The extension of *all* dates in the Scheduling Order will also enable the parties and the Court to proceed in an orderly and logical fashion. Although Defendants request more time, they have not justified such a lengthy request, and the Court finds that Plaintiff would be prejudiced by any unnecessary delay.

## III. CONCLUSION

Based on the foregoing, the Court modifies the Scheduling Order (ECF No. 50) as follows:

1. By **June 5, 2018**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

2. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) by **June 26, 2018**.

3. All non-expert discovery shall be completed by all parties by **May 11, 2018**. All expert discovery shall be completed by all parties by **July 31, 2018**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel

5

16-cv-02077-BTM (DHB)

shall file an appropriate joint motion within the time limit and according to the procedures outlined in Magistrate Judge David H. Bartick's Civil Chambers Rules, which are posted on the Court's website. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the Court, no stipulation continuing or altering this requirement will be recognized by the Court.**

4. Please be advised that failure to comply with any discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

5. All dispositive motions must be filed by **September 7, 2018**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

6. A Mandatory Settlement Conference shall be conducted on **November 16, 2018** at **10:00 a.m.** in the chambers of Magistrate Judge David H. Bartick. Counsel shall submit settlement statements **directly** to Judge Bartick's chambers by **November 9, 2018**.[2] The parties may either submit confidential settlement statements or may exchange their settlement statements. Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference. **The settlement conference briefs shall**

---

[2] Statements under 20 pages in length, including attachments and exhibits, shall be e-mailed to chambers at efile_Bartick@casd.uscourts.gov. Statements exceeding 20 pages in length, including attachments and exhibits, must be delivered directly to chambers.

1 **not be filed with the Clerk of the Court.**

**All named parties, all counsel, and any other person(s) whose authority is required to negotiate and enter into settlement shall appear <u>in person at the conference</u>**. The individual(s) present at the Mandatory Settlement Conference with settlement authority must have the unfettered discretion and authority on behalf of the party to: 1) fully explore all settlement options and to agree during the Mandatory Settlement Conference to any settlement terms acceptable to the party (*G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989)), 2) change the settlement position of a party during the course of the Mandatory Settlement Conference (*Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003)), and 3) negotiate a settlement without being restricted by any predetermined level of authority (*Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 596 (8th Cir. 2001)).

Governmental entities may appear through litigation counsel only. As to all other parties, appearance by litigation counsel only is <u>not</u> acceptable. Retained outside corporate counsel <u>shall not</u> appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement. **The failure of any counsel, party or authorized person to appear at the Mandatory Settlement Conference as required shall be cause for the immediate imposition of sanctions.** All conference discussions will be informal, off the record, privileged, and confidential.

7. If the trial will be a bench trial, Counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Local Rule 16.1(f)(2) by **November 28, 2018**. Counsel do not need to file Memoranda of Contentions of Fact and Law if the trial will be a jury trial.

8. Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **November 28, 2018**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

///

9. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **December 5, 2018**. The parties shall meet and confer and prepare a proposed pretrial order containing the following:

> 1. A joint neutral statement to be read to the jury, not in excess of one page, of the nature of the case and the claims and defenses.
> 2. A list of the causes of action to be tried, referenced to the Complaint [and Counterclaim if applicable]. For each cause of action, the order shall succinctly list the elements of the claim, damages and any defenses. A cause of action in the Complaint [and/or Counterclaim] which is not listed shall be dismissed with prejudice.
> 3(a). A list of each witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.
> 3(b). A list of each expert witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.
> 3(c). A list of additional witnesses, including experts, counsel do not expect to call at this time but reserve the right to call at trial along with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.
> 4(a). A list of all exhibits that counsel actually expect to offer at trial with a one-sentence description of the exhibit.
> 4(b). A list of all other exhibits that counsel do not expect to offer at this time but reserve the right to offer if necessary at trial with a one-sentence description of the exhibit.
> 5. A statement of all facts to which the parties stipulate. This statement shall be on a separate page and will be read to and provided to the jury. The parties are directed to meet with the assigned magistrate judge to work out as many stipulations of fact as possible.
> 6. A list of all deposition transcripts by page and line, or videotape depositions by section, that will be offered at trial.
> 7. In addition to filing proposed jury instructions in accordance with Fed. R. Civ. P. 51 and CivLR 51.1, the parties shall e-mail the proposed instructions in Word or Wordperfect form to Chambers. If a party disagrees with a particular instruction, the party shall submit an alternate instruction.

**The pretrial order requirements set forth in paragraphs 3(a)-(c), 4(a)-(b), and 6 above, extend to evidence that counsel anticipate may be used on cross-examination,**

**including impeachment evidence.**

The Court encourages the parties to consult with the assigned magistrate judge to work out any problems in preparation of the proposed pretrial order. The Court will entertain any questions concerning the conduct of the trial at the pretrial conference.

10. Counsel for Plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **December 12, 2018**, Plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with Plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

11. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **December 19, 2018**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

12. The final Pretrial Conference is scheduled on the calendar of the Honorable Barry Ted Moskowitz on **January 9, 2019** at **3:30 p.m.**

13. A post-trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

14. The dates and times set forth herein will not be modified except for good cause shown.

15. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

///
///
///

16. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated: January 19, 2018

_____
Hon. Bernard G. Skomal
United States Magistrate Judge